UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH H. JONES                                    CIVIL ACTION

versus                                             NO. 11-1520

JOHNNY SUMLIN                                      SECTION: "F" (1)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Joseph H. Jones, is a state prisoner incarcerated at the Claiborne Parish Detention Center, Homer, Louisiana.  On March 12, 2007, he was found guilty of one count of second-offense possession of marijuana and one count of possession of cocaine.[1]  On April 19, 2007, he was sentenced on each count to a concurrent term of five years imprisonment.  On that same date, he thereafter pleaded guilty to being a quadruple offender and was resentenced as such on the

---

[1] State Rec., Vol. III of IV, transcript of March 12, 2007, p. 304; State Rec., Vol. I of IV, jury verdict forms.

marijuana conviction to a concurrent term of twenty years imprisonment without benefit of probation or suspension of sentence.[2]  On April 15, 2008, the Louisiana Fifth Circuit Court of Appeal affirmed those convictions and sentences.[3]

On or about November 4, 2008, petitioner filed an application for post-conviction relief with the state district court.[4]  That application was denied on January 20, 2009.[5]

However, at some point thereafter, the state district court discovered that the multiple bill of information had in fact charged petitioner as a quadruple offender as to the *cocaine* conviction, not the *marijuana* conviction.  Therefore, on January 26, 2009, the state district court vacated the prior sentences and resentenced petitioner as follows:  on the conviction of second-offense possession of marijuana, he was resentenced to a term of five years imprisonment; and on the conviction for possession of cocaine, he was resentenced as a quadruple offender to a concurrent term of twenty years imprisonment without benefit of probation or suspension.[6]

---

[2] State Rec., Vol. III of IV, transcript of April 19, 2007; State Rec., Vol. I of IV, minute entry dated April 19, 2007.

[3] State v. Jones, 985 So.2d 234 (La. App. 5th Cir. 2008) (No. 08-KA-20); State Rec., Vol. I of IV.

[4] State Rec., Vol. I of IV.

[5] State Rec., Vol. I of IV, Order dated January 20, 2009.

[6] State Rec., Vol. I of IV, minute entry dated January 26, 2009.

On April 19, 2009, petitioner then filed a second application for post-conviction relief with the state district court,[7] which was denied on May 15, 2009.[8] His related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on September 4, 2009,[9] and by the Louisiana Supreme Court on October 15, 2010.[10]

Petitioner thereafter filed the instant federal application for *habeas corpus* relief on June 21, 2011.[11] The state argues that the application is untimely.[12]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[13]

In its response in this matter, the state argues that petitioner's federal limitations period commenced on the date on which his time expired for seeking direct review of the Louisiana Fifth Circuit Court of Appeal's decision affirming his convictions and sentences. Normally, that

---

[7] State Rec., Vol. I of IV.

[8] State Rec., Vol. I of IV, Order dated May 15, 2009.

[9] State v. Jones, No. 09-KH-450 (La. App. 5th Cir. Sept. 4, 2009); State Rec., Vol. I of IV.

[10] State *ex rel.* Jones v. State, 46 So.3d 1282 (La. 2010) (No. 2009-KH-2394); State Rec., Vol. IV of IV.

[11] Rec. Doc. 3.

[12] Rec. Doc. 12, pp. 4-6.

[13] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

would be correct.[14]  In the instant case, however, petitioner's current incarceration is no longer based

on *those* sentences.  Instead, as noted, the state district court vacated those sentences and resentenced

petitioner on January 26, 2009; therefore, his current incarceration is based on those new sentences.

Accordingly, it is at least arguable that, for the purposes of this proceeding, the Court should run

petitioner's federal limitations period from February 25, 2009, the date on which his time expired

for appealing that last resentencing.  See Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir. 2011);

Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *4 (E.D. La. Sept. 8, 2006);

Anderson v. Cain, Civ. Action No. 05-2169, 2006 WL 2591019, at *3 (E.D. La. Sept. 7, 2006); see

also La.C.Cr.P. art. 914(B) (providing for a thirty-day appeal deadline).  Nevertheless, even if

---

[14]  As the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."  Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

petitioner's federal limitations ran from that later date, his federal application is still untimely for the following reasons.

As noted, the federal limitations period is one year.  However, that one-year period is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  Therefore, assuming that petitioner's limitations period did commence on February 25, 2009, only fifty-two (52) days of that period expired prior to being tolled by the filing of the post-conviction application on April 19, 2009.[15]  Tolling then continued uninterrupted for the duration of the post-conviction proceedings, *but only if petitioner sought supervisory review in a timely manner*.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).

That caveat is of crucial importance here, because even if petitioner's related writ application was timely filed with the Louisiana Fifth Circuit Court of Appeal,[16] his subsequent writ application filed with the Louisiana Supreme Court clearly was not.  As noted, the Court of Appeal

---

[15]   State Rec., Vol. I of IV.  The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system."  Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006).  That date cannot be gleaned with certainty from the record; however, because the post-conviction application was signed on April 19, 2009, it was obviously placed in the mail no earlier than that date.

[16]   The state argues that petitioner's writ application was untimely filed with the Court of Appeal. Unfortunately, that writ application is undated, and there is no basis which this Court could use to surmise when it might have been placed in the prison mail system.  However, because petitioner's federal application is untimely regardless, the Court need not determine whether that writ application was in fact timely filed.

denied relief on September 4, 2009.[17]  Therefore, petitioner had only until October 5, 2009, to challenge that judgment by filing a writ application with the Louisiana Supreme Court.[18]  Because petitioner's Supreme Court writ application was filed no earlier than October 20, 2009,[19] it was untimely, and a federal *habeas* petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application.  Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); see also Marshall v. Warden, Avoyelles Correctional Center, Civ. Action No. 09-7231, 2010 WL 2977375, at *2 (E.D. La. June 11, 2010), adopted, 2010 WL 2978218 (E.D. La. July 20, 2010); Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, at *4 (E.D. La. Dec. 9, 2009); Jenkins v. Cooper, Civ. Action No. 07-0216, 2009 WL 1870874, at *5 (E.D. La. June 26, 2009); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006).  Accordingly, statutory tolling ceased no later than October 5, 2009.  Grillette, 372 F.3d at 769-71 (a state application ceases to be pending, and tolling therefore ends, when the time for appellate review expires).

Because fifty-two (52) days of petitioner's one-year limitations period had already elapsed prior to the commencement of the statutory tolling, he had three hundred thirteen (313) days

---

[17] State v. Jones, No. 09-KH-450 (La. App. 5th Cir. Sept. 4, 2009); State Rec., Vol. I of IV.

[18] Pursuant to Louisiana Supreme Court Rule X, § 5(a), a litigant has only thirty days to file a writ application to challenge a judgment of a Louisiana intermediate appellate court.  However, because the thirtieth day of that period here fell on a Sunday, petitioner had until the following Monday, October 5, 2009, to file a writ application in the Louisiana Supreme Court.  See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[19] The accompanying "Writ Application Filing Sheet" was signed by petitioner on October 20, 2009.  State Rec., Vol. IV of IV.  Therefore, the application was obviously placed in the mail no earlier than that date.

remaining once tolling ceased.  Accordingly, he had only until August 16, 2010,[20] either to again toll the limitations period or to file his federal application.

Aside from the untimely Louisiana Supreme Court writ application for which no statutory tolling credit can be granted, petitioner had no applications for state post-conviction relief or other collateral review pending at any time during that period.  Therefore, he clearly is not entitled to further statutory tolling.

However, that does not end this Court's inquiry in light of the fact that the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

---

[20]   The three-hundred-thirteenth day fell on August 14, 2010.  Because that date was a Saturday, the federal limitations period was extended through the following Monday, August 16, 2010.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 16, 2010, in order to be timely. His federal application was not filed until June 21, 2011,[21] and it is therefore untimely.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Joseph H. Jones be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[22]

New Orleans, Louisiana, this nineteenth day of October, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." <u>Roberts v. Cockrell</u>, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner's application was placed in the prison mail system on June 21, 2011. Rec. Doc. 3, p. 15.

[22] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.